PEOPLE OF THE STATE OF NEW YORK ex rel. BROKAW BROS., Relator, *v.* JACOB A. CANTOR and Others, as Commissioners of Taxes and Assessments of The City of New York, Respondents. (3 Proceedings — Taxes of 1920, 1921 and 1922.)

Supreme Court, New York Special Term, March (Received April, 1923).

**Taxes — assessments on real estate — structural value of building — when relator entitled to reduction of assessment.**

The structural value of a building on land may be properly considered as an element of valuation in determining the taxable or market value of the whole property upon the taxable status dates in question.

Upon certiorari to review assessments for the years 1920–1922 on property of which relator is the lessee and liable for the taxes, on the sole ground of overvaluation of both the land and the structures thereon, *held*, that accepting as true relator's evidence as to the original cost of its building and percentage of depreciation, relator had failed to overcome the presumption that the amount of the assessments on its building for those years was correct.

The evidence as to the value of the land being of sufficient force to overcome the presumption that the amount of the assessment thereon was correct, and conceding that by reason of double frontage and advantageous plottage the property has an added value of at least twenty per cent, and considering the proof of the value of property in the immediate neighborhood, the evidence relating to rental value, and all other evidence, the assessments upon the land for the years 1921 and 1922 should be reduced by the sum of $275,000 in each year, and the petition as to the 1920 assessment will be dismissed.

CERTIORARI proceedings to review assessments for 1920, 1921 and 1922.

*James M. Vincent* (*Curtis A. Peters*, of counsel), for relator.

*George P. Nicholson*, corporation counsel (*Frank J. Ryan*, of counsel), for respondents.

O'MALLEY, JAMES, J.   These certiorari proceedings involve the assessment for taxation for the years 1920, 1921 and 1922 on property of which the relator is the lessee and liable for the taxes.   No claim of inequality is made, and the single question presented is one of values.   Overvaluation of both the land and structures is claimed.   I have reached the conclusion that there has been no overvaluation of the relator's building.   Accepting its evidence as to original cost and percentage of depreciation as true, I am of the opinion that it has failed to overcome the presumption that the assessment on the building for the years in question is correct. I am unable to agree with the contention of relator's counsel that evidence of structural value in proceedings of this character has been entirely disregarded by the courts.   On the contrary, it seems

to me that it has been considered some evidence of actual or as taxable value, although not conclusive as such. *People ex rel. Neptune Meter Co.* v. *Cantor*, N. Y. L. J. Feb. 4, 1922; *Matter of Michel Brew. Co.* v. *Cantor*, 119 Misc. Rep. 854. I find nothing in the case of *People ex rel. Ruppert Realty Corp.* v. *Cantor*, 115 Misc. Rep. 519, in conflict with this view, and I see no difference in principle between proof of value in cases of this character and cases of condemnation proceedings where such evidence is held to be some proof of market value. *Matter of City of N. Y.*, 198 N. Y. 84. The structural value, therefore, was properly considered by the deputy assessor as an element of valuation in determining the taxable or market value of the whole property upon the taxable status dates in question. Respecting the value of the land, I regard the evidence of the relator of a more convincing character than that of the defendant and of sufficient force to overcome the presumption that the amount of the assessment upon the land is correct. This evidence is sufficient to warrant a finding that the land involved is less valuable than property on Broadway above Forty-second street. Recent sales above ·Forty-second street indicate values more in accordance with those placed upon the relator's property by its experts. Because of double frontage and advantageous plottage it is conceded by the relator's experts that the property involved has an added value, and because of this it is conceded that at least twenty per cent should be added. Making full allowance for such double frontage and plottage, and considering the proof of the value of property in the immediate neighborhood, the evidence relating to rental value, and all other evidence, I am of opinion that the assessment upon the land for the years 1921 and 1922 should be reduced by the sum of $275,000 in each year. Petition as to 1920 assessment dismissed. Findings passed upon. Settle orders.

Ordered accordingly.